**FAGAFA of Alofau, Plaintiff**

v.

**TOIA of Alofau, Defendant**

No. 18-1957

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Malae" in Alofau]

December 17, 1957

OPINION AND ORDER DISMISSING PETITION

Heard at Fagatogo on November 19, 1957 before MORROW, *Chief Judge*, and APE and LETULIGASENOA, *Associate Judges*.

Pule, counsel for Fagafa.

Utu, counsel for Toia.

OPINION OF THE COURT

MORROW, *Chief Judge*.

On November 7, 1957 plaintiff Fagafa filed his petition praying for an order requiring defendant Toia to remove his Samoan fale from the land Malae in the village of Alo-

fau. Prior to the hearing the Court viewed the land Malae in the presence of the parties. Fagafa claims that the land Malae is the communal family land of the Fagafa Family while Toia claims that it is the communal family land of the Toia Family. In early 1956 Toia built a Samoan house on Malae which house he is presently occupying. The house stands on land which was originally part of a swamp. The swamp was a part of the land Malae. A few years ago the swamp was filled in by the Department of Public Works pursuant to an arrangement made with the Department by the then County Chief Faumuina.

Fagafa testified that the tradition in his family was that Malae was the communal land of the Fagafa Family while Toia testified that his family tradition was that it was Toia communal family land. Both Fagafa people and Toia people are buried in a graveyard located on a part of Malae that was not swamp originally.

Fagafa testified that the Toia people had lived on the land Malae for 30 years. In answer to the question "You mean they (i.e. the Toia people) lived on that land (i.e. Malae) for about 30 years?" Fagafa answered "Right." And to the question "They cleaned it?" he also answered "Right." And in answer to the query "And did you raise any objection to them (i.e. the Toia people) for living on this land (i.e. Malae) for 30 years?" Fagafa answered "No." And in response to a query as to why he (Fagafa) did not object to the Toia people cleaning Malae answered "I did not object because they have to clean where they are living." Since the swamp area was included in the land Malae it is apparent from the testimony of Fagafa that the Toia people cleaned the swamp area too. Of course the regulations of the Public Health Department required that the swamp area be kept clean so that it would not be a manace [sic] to the health of the people in the village.

Toia testified that the Toia Family had claimed the swamp area as the communal property of his family since before the Government was established which was in 1900 and specifically during the entire 30 years that his family, according to Fagafa, had kept it clean. It appeared also from the evidence that the Toia people had a taro plantation for a number of years along the stream which ran through the swamp area. The Fagafa Family made no objection to the cleaning of the swamp area by the Toia people according to both Fagafa and Toia.

The land Malae has never been surveyed and registered and there is no recorded title from which it is possible for us to determine its ownership. In such cases the courts in American Samoa have frequently had to resort to family tradition for assistance in determining ownership of land, at the same time realizing that family tradition handed down by word of mouth from generation to generation is subject to cumulative error and is frequently not a very reliable guide. However, in this case we have the testimony of the Fagafa himself that the Toia people had cleaned the swamp area for 30 years and had lived on Malae (it, as stated before, included the swamp area) for 30 years. It is a little difficult for us to believe that one family would keep another family's land clean for 30 years as a gratuitous act. However, if it be true that the Fagafa people, as Fagafa claims, did originally own the swamp area, we believe the evidence preponderates in favor of the view that the land consisting of that part of the former swamp area now occupied by the house together with the area immediately surrounding the house became the communal property of the Toia people through adverse possession for 20 years.

Samoan families acquired title to their lands through first occupancy coupled with a claim of ownership. *Soliai v. Lagafua*, No. 5-1949 (H.C. of Am. S.) ; *Faatiliga v. Fano*, No. 80-1948 (H.C. of Am. S.) ; see also 2 Blackstone

8; Maine's Ancient Law (3rd Am. Ed.) 238. No living person has any actual knowledge as to whether it was the Toia people or the Fagafa people who first occupied Malae with a claim of ownership, nor is there any written record to establish such occupancy and claim.

Sec. 349(4) of the A. S. Code provides that actions for the recovery of real property may be brought within 20 years after their causes accrue and not afterwards.

We believe from the evidence, and especially in view of Fagafa's sworn testimony that the Toia people cleaned the land Malae and lived on it for 30 years without objection by the Fagafa people, and the further fact that the Toia people had a taro plantation along the stream running through the swamp, that if the Fagafa people ever had any claim to the land comprising that part of the swamp area actually occupied by the house together with the area immediately surrounding it, such claim has been barred by the above statute of limitation. We believe that the evidence preponderates in favor of the view that if such land together with the immediate area surrounding it was Fagafa communal land nevertheless it was in the actual, visible, exclusive, open, continuous, notorious, and hostile possession of the Toia people for at least 20 years. Under these circumstances the possession was adverse. See 2 Corpus Juris 50. Such adverse possession vested the title in the Toia people. "While some statutes have been construed to confer merely a possessory right or defensive title, the rule which is of almost universal acceptation is that an adverse possession, accompanied by the essential prerequisites for the statutory period, not only bars an action for the recovery of the land but vests a full legal title in the possessor. Under that rule, the authorities hold that the title of the original owner is completely divested." 2 Corpus Juris Secondum 803. In *High Chief Fuiamaono v. Moanau and Felila,* No. 12-1955 (H.C. of Am. S.) we said that "Adverse

possession for the statutory period (it is 20 years in American Samoa, A. S. Code, Sec. 907) vests title in the adverse possessor" citing *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607; *Puailoa v. Leapaga*, No. 64-1948 (H.C. of Am. S.); *Pelenato Sa Manoa of Faleniu v. Maea et al.*, No. 11-1955 (H.C. of Am. S.).

The Toia Family is presently in actual possession of the land consisting of that part of the former swamp area occupied by the house together with the area immediately surrounding the house. Such possession creates a presumption of ownership. "It is an ancient principle that where a person is shown to be in possession of property, such possession is presumed to be rightful. *Potior est conditio possidentis* (better is the condition of the possessor)." 1 Jones on Evidence (4th Ed.) 130.

Having concluded from the evidence that the land consisting of that part of the former swamp area actually occupied by the house together with the immediate area surrounding the house is the communal land of the Toia Family, it follows that we must dismiss the plaintiff's petition. (It should be clearly understood that the Court is expressing an opinion only as to the ownership of the land actually occupied by the house together with the land immediately surrounding it, but is not expressing any opinion as to the ownership of the remainder of the land Malae).

### ORDER

Accordingly, it is ORDERED that the plaintiff Fagafa's petition be and the same is hereby dismissed.

Costs in the sum of $12.50 are hereby assessed against Fagafa, the same to be paid within 30 days.